

**SUMMONS AND PETITION AGAINST DEFENDANT**
**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, STATE OF OKLAHOMA**

**DRINV LLC,** A Texas Limited Liability Company, )

**MCRA LLC,** A Texas Limited Liability Company, )

**and** )

**DAVE RISI,** an individual, )

       **Plaintiffs,** )

**v.** )

**DOUGLAS RICHARDSON,** an individual, )
Transferor, )

**And,** )

**SMART PRONG TECHNOLOGIES, INC.,** )
An Oklahoma Corporation, Transferee, )

       **Defendants.** )

DISTRICT COURT
**F I L E D**

APR 1 2 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

Case No. **CV-2019-00307**

Judge: _____

## SUMMONS

To Smart Prong Technologies, Inc., an Oklahoma Corporation:

c/o W.J. Weaver Jr.
4808 West Utica
Broken Arrow, OK 74011

You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within **THIRTY-FIVE (35)** days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

DON NEWBERRY, Court Clerk

_____, Court Clerk

By _____, Deputy Court Clerk

(Seal)

Summons on Smart Prong Technologies, Inc., Tulsa County Case *DRINV LLC et al. v. Richardson et al.* Page 1 of 2

**EXHIBIT**

ATTORNEY FOR PLAINTIFF
Howard Berkson, OBA # 31482, 401 S. Boston Ave., Suite 500, Tulsa, OK 74103, (p) 539.777.1287

This summons was served on (date):     3/31/19

By (Signature of person serving summons):     Hayden Sixsmith

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR
ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED
WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

DRINV LLC, ET AL
Plaintiff

Case No. CV 19 307

VS

DOUGLAS RICHARDSON, ET AL
Defendant

### AFFIDAVIT OF SERVICE

DOCUMENTS SERVED: I being duly sworn, certify that I served the following documents, to wit:

> -SUMMONS
> -PETITION

METHOD OF SERVICE: And served the same according to the law in the following manner, to wit:

CORPORATE SERVICE, by delivering a true copy of said process to SMART PRONG TECHNOLOGIES, INC by serving W.J. WEAVER, JR., he/she being an officer or general agent of said corporation, at 4808 WEST UTICA, BROKEN ARROW, OK.

DATE SERVED: 3/31/19

SIGNATURE OF SERVER: In accordance with 12 O.S. § 426, I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct. I execute this affidavit on this date, _____3/31/19_____, in Tulsa County, Oklahoma.

HAYDEN SIXSMITH PSS# 2018-44

Service Fee - $50

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

DRINV LLC, A Texas Limited Liability Company,      )
                                                    )
MCRA LLC, A Texas Limited Liability Company,       )
                                                    )
and                                                 )
                                                    )
DAVE RISI, an individual,                           )
                                                    )
            Plaintiffs,                              )
                                                    )
v.                                                  )
                                                    )
DOUGLAS RICHARDSON, an individual,                  )
Transferor,                                         )
                                                    )
And,                                                )
                                                    )
SMART PRONG TECHNOLOGIES, INC.,                     )
An Oklahoma Corporation, Transferee,                )
                                                    )
            Defendants.                              )



DISTRICT COURT
F I L E D

MAR 0 6 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

CV-2019-00307

DAMAN CANTRELL

ATTORNEY LIEN CLAIMED

**PETITION TO LEVY EXECUTION ON ASSETS FRAUDULENTLY TRANSFERRED**

COME NOW the Plaintiffs, DRINV LLC ("DRINV"), MCRA LLC ("MCRA"), and Dave Risi ("Mr. Risi," collectively "Plaintiffs"), by and through their attorney of record, and for their cause of action against Douglas Richardson ("Richardson"), an individual, and Smart Prong Technologies, Inc. ("SPTI," collectively "Defendants"), an Oklahoma corporation, allege and state as follows:

**JURISDICTION AND VENUE**

1.  Based on the following facts concerning important geographical locations and pursuant to 12 O.S. §§ 134 and 187, jurisdiction and venue properly lie in Tulsa County, Oklahoma.

    a.  Plaintiff DRINV is a Texas LLC whose main office is located at 13763 Royal Red Terrace, Chantilly, VA 20151.

1

    b.   Plaintiff MCRA is a Texas LLC whose principal office is located at 13763 Royal Red Terrace, Chantilly, VA 20151.

    c.   Plaintiff David Risi is a natural person living in Virginia.

    d.   Defendant Douglas Richardson is a natural person living in Missouri at 1220 Castle Rock Avenue, Lebanon, MO 65536.

    e.   Defendant SPTI is an Oklahoma corporation whose principal office is located at 4808 West Utica Ave., Broken Arrow, OK 74011.

2.   Venue is appropriate in Tulsa County:

    a.   As to Defendant SPTI under 12 O.S. § 134, because SPTI is situated in Tulsa County, its principal office or place of business is located in Tulsa County, or a principal officer resides in Tulsa County.

    b.   As to Defendant Richardson under 12 O.S. § 187, because venue is proper in Tulsa County as to Richardson's Codefendant, SPTI. *See* ¶ 2(a).

## FACTUAL ALLEGATIONS

### A. RICHARDSON'S DEBT TO PLAINTIFFS

3.   Plaintiffs became creditors of Defendant Richardson by making a number of substantial loans to him from 2013-2016, totaling $402,021.25 by 6 March 2017.

4.   Richardson became a debtor of Plaintiffs when Plaintiffs made the aforementioned loans, and owed Plaintiffs $402,021.25 by 6 March 2017.

5.   Richardson is still a debtor of Plaintiffs as of the day of this filing.

6.   Richardson did not consistently pay his debts to Plaintiffs as they became due.

7.   On 6 March 2017, Plaintiffs converted all of Richardson's older and existing debts to Plaintiffs into three Confessions of Judgment Promissory Notes ("COJs"), which were signed by Richardson. Copies of the COJs are attached hereto and labeled **Exhibits A, B, and C**.

2

8.  These notes included $218,500.00 owed to Mr. Risi, $24,496.00 owed to MCRA, and $159,025.25 owed to DRINV. Ex. A, B, and C.

9.  On 6 March 2017, Plaintiffs and Richardson entered into a Settlement Agreement setting forth a payment plan on the COJs with a total principle sum of $402,021.25, plus interest. A copy of the settlement agreement is attached hereto and labeled **Exhibit D**.

10. Richardson made his first payment pursuant to the Settlement Agreement on 7 March 2017.

11. Richardson missed a payment on 7 April 2017, but then made two consecutive scheduled payments on 12 May 2017 and 9 June 2017, respectively.

12. Richardson never made another voluntary payment to Plaintiffs after 9 June 2017.

13. Plaintiffs sued Richardson in the Circuit Court for Fairfax County, Virginia, Case No. CL20170012864, to enforce the COJs (the "Virginia Case") and prevailed.  The judgments arising out of that matter are addressed in the following Paragraph and copies of the abstracts of judgment are attached hereto and labeled **Exhibit E**.

14. The Judgments from the Virginia Case, depicted in Exhibit E, were domesticated in Tulsa County as follows, of which the last two are not against Douglas Richardson:

    a.  On December 21, 2017, against Douglas Richardson and Douglas A. Richardson CPA LLC in favor of MCRA LLC with journal entry dated February 6, 2018: principle judgment in the amount of $24,496 plus 6% interest accrued and accruing, plus costs and fees in the amount of $6,124.00.  That judgment was domesticated in Tulsa County Case no. CV-2018-318.

    b.  On December 21, 2017, against Douglas Richardson and Douglas A. Richardson CPA LLC in favor of DRINV LLC with journal entry dated February 6, 2018. Principle judgment in the amount of $159,025.25, plus 6% interest accrued and accruing, plus costs and fees in the

3

amount of $39,756.31. That judgment was domesticated in Tulsa County Case no. CV-2018-319.

c. On February 23, 2018, against Douglas A. Richardson and Douglas A. Richardson CPA LLC in favor of David Risi with journal entry dated March 19, 2018. Principle judgment in the amount of $201,641.65, plus 6% interest accrued and accruing, plus court costs. That judgment was domesticated in Tulsa County Case no. CV-2018-375.

d. On February 23, 2018, against Dawn Richardson in favor of MCRA LLC with journal entry dated March 19, 2018. Principle judgment in the amount of $24,496.00 plus 6% interest accrued and accruing, plus costs and fees in the amount of $6,124.  That judgment was domesticated in Tulsa County Case no. CV-2018-376.

e. On February 23, 2018, against Dawn Richardson in favor of DRINV LLC with journal entry dated March 9, 2018. Principle judgment in the amount of $159,025.25, plus 6% interest accrued and accruing, plus costs and fees in the amount of $39,756.31. That judgment was domesticated in Tulsa County Case no. CV-2018-377.

15. A Motion to Consolidate the Tulsa cases was granted by the Honorable Judge Sellers in Case No. CV-2018-318 on 12 December 2018. A copy of the Order Granting the Motion is attached hereto and labeled **Exhibit F**.

16. Since 23 February 2018, Richardson has been indebted to Plaintiffs for the sum total of $391,286.90, plus interest accrued and accruing.

17. Since the Virginia Case judgments were entered against Richardson, Richardson has taken numerous measures to conceal various assets, such as:

a. Opening an LLC in Montana and using it to purchase a motorhome.

b. Using more than eight (8) bank accounts to move money back and forth so that it would be difficult to locate.

Case 4:19-cv-00219-CVE-JFJ   Document 2-1 Filed in USDC ND/OK on 04/25/19   Page 8 of 75

c.  Breaking larger payments into multiple smaller payments, so as to keep transactions below ten thousand (10,000) dollars and thereby avoid raising suspicion.

d.  Removing firearms and ammunitions from Richardson's garage within hours of being notified that property would be seized the following day. The firearms and ammunition were first moved to the home of Paul Lindsay, a friend of Richardson, and then on or about 14 May 2018, they were moved again to the office of Robby Roberts, another friend of Richardson. They remain there in a locked safe to which only Defendants have the combination. Further, after having moved the firearms, Richardson told Plaintiffs that he was no longer in possession of them.

e.  Repeatedly trading money and assets with Paul Lindsay in order to keep such assets hidden, including buying and selling the same office property several times back and forth between the two.

f.  Opening a new company in Missouri, Douglas Richardson and Associates, LLC, that only accepts cash payments for services rendered so as to avoid using banks and to further conceal money.

g.  Having friends file UCC finance statements to protect assets such as firearms, ammunition, camping gear, etc., from execution.

### B. RICHARDSON'S TRANSFER OF STOCKS TO SPTI

18.  Richardson served as CPA, CFO, and Treasurer to Defendant SPTI from 2014 until June 2016.

19.  On or about 16 December 2015, the Enforcement Section of the Missouri Securities Division of the Office of Secretary of State ("Enforcement Section") opened an investigation on Richardson. A copy of a cease and desist order from the Office of the Missouri Secretary of State containing this information is attached hereto and labeled **Exhibit G**. Ex. G, ¶ 1, 6.

5

20.   On or about 15 June 2016 and after receiving notice of the Enforcement Section's investigation of him, Richardson admitted to SPTI that he had embezzled about $750,000.00 from SPTI during the course of his employment. A copy of the transcript from a hearing on assets taking the testimony of an agent of SPTI, Jim Weaver, is attached hereto and labeled **Exhibit H**. Ex. H, 5:18-20.

21.   On or about 15 June 2016 Richardson resigned from SPTI. A copy of Richardson's Letter of Resignation is attached hereto and labeled **Exhibit J** ("I" intentionally omitted). A copy of the subpoena is attached hereto and labeled **Exhibit K**.

22.   Upon his resignation, Richardson assigned 200,000 shares of SPTI stock to SPTI (the "Transfer"). A copy of the assignment document is attached hereto and labeled **Exhibit L**.

23.   SPTI gave nothing in consideration for Richardson's assignment of stocks. Ex. L.

24.   Richardson received nothing in consideration for assigning the stocks to SPTI. Ex. L.

25.   At the time of the Transfer, Richardson was a debtor of Plaintiffs.

26.   On or about 15 June 2016, SPTI opened an internal review into Richardson's accounting and case transactions involving SPTI. Ex. G ¶ 11(g)

27.   SPTI's investigation uncovered substantial evidence of embezzlement far in excess of the $750,000.00 to which Richardson had originally admitted.

28.   SPTI's internal audit led them to conclude that Richardson had embezzled about $4,200,000.00, nearly 3.5 million more than he had earlier admitted. Ex. H, 8:17-9:2.

29.   Accordingly, on or about 31 October 2016, SPTI and others sued Richardson to recover the embezzled funds. Ex. G ¶ 1.

30.   That lawsuit is pending before the Circuit Court in and for Greene County, Missouri. (*Semitrex, LLC, et al., v. Douglas A. Richardson, et al.,* case no. 1731-CC00230, change of venue on 2/2/17 from Laclede County, Missouri Circuit court, case no. 18LA-CC00096). *See also*, Ex. G ¶ 23.

## COUNT ONE: FRAUDULENT TRANSFER, 24 O.S. § 116 (RICHARDSON AND SPTI)

31.    At the time of the Transfer, Plaintiffs were creditors of Richardson.

32.    At the time of the Transfer, Richardson was a debtor to Plaintiffs.

33.    The Transfer was fraudulent to Plaintiffs:

    a.    Because Richardson had actual intent to defraud Plaintiffs;

    b.    Or, in the alternative, because Richardson did not receive reasonably equivalent value in exchange for the Transfer, and at the time of the Transfer Richardson reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

34.    Richardson's actual intent to defraud Plaintiffs regarding the Transfer is evidenced by the following badges of fraud:

    a.    Richardson was an insider of SPTI at the time of the Transfer.

    b.    Richardson was the CFO and CPA of SPTI at the time of the Transfer.

    c.    Richardson was under threat of a lawsuit at the time of the Transfer.

    d.    The Transfer occurred immediately after SPTI had threatened Richardson with suit for his embezzlement.

    e.    The Transfer occurred after he had defaulted on his debts to Plaintiffs, at a time that legal action from Plaintiffs was forthcoming.

    f.    Richardson removed and concealed numerous other assets after the Transfer, as referenced in ¶ 16.

    g.    Richardson did not receive reasonably equivalent value for the stocks he transferred to SPTI.

    h.    SPTI did not give anything in consideration for the Transfer.

    i.    Richardson did not receive anything in consideration for the Transfer.

    j.    Richardson was insolvent at the time of the Transfer.

  k. At the time of the Transfer, Richardson was generally not paying his debts as they

   became due.

  l. At the time of the Transfer, Richardson had long been in default on his debts to

   Plaintiffs.

35. SPTI stocks are valuable.

36. SPTI stocks were valuable at the time of the Transfer.

37. Because the Transfer was fraudulent, the Transfer is null.

38. Accordingly, Plaintiff is entitled to levy execution on the 200,000 shares of stocks involved in the

Transfer.

## DAMAGES

39. As a result of the fraudulent Transfer, to which both Defendants Richardson and SPTI were parties,

Plaintiffs have been wrongfully deprived of the opportunity to execute upon the assets involved in

the Transfer in partial satisfaction of the judgments owed to Plaintiffs.

  **WHEREFORE**, Plaintiffs pray for judgment against the Defendants for all of the above referenced

claims, that this Court hold Transfer at issue was a nullity, and an order thereafter entitling Plaintiffs to

levy execution on the stocks involved in the Transfer, and any and all other relief allowable by law or that

the Court may deem equitable and just.

Respectfully Submitted,

Howard Berkson, OBA # 31482
BOSTON AVENUE LAW PLLC
401 S. Boston, Suite 500
Tulsa, OK 74103
Telephone: (539) 777.1287
Facsimile: (405) 509.7100
*ATTORNEY FOR PLAINTIFFS*
*ATTORNEY LIEN CLAIMED*

## CONFESSION OF JUDGMENT PROMISSORY NOTE
### Commonwealth of Virginia

March 6, 2017                                                         $218,500.00

### IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

**1. Unconditional Promise to Pay.** FOR VALUE RECEIVED, the undersigned, **DOUGLAS A. RICHARDSON**, an Individual with a residence of 1220 Castlerock Ave, Lebanon, Missouri 65536 ("Richardson") and **DOUGLAS A. RICHARDSON CPA, LLC**, a Missouri LLC (the "Company") located at 121 West Commercial, Lebanon, Missouri 65536 (both Richardson and the Company, jointly and severally, are hereinafter called the "**Maker**"), promises to unconditionally pay to the order of David Risi (the "**Noteholder**"), or his assigns, the principal sum of Two Hundred Eighteen Thousand Five Hundred Dollars ($218,500.00) (the "Principal Sum"), in accordance with the provisions of this Confession of Judgment Promissory Note (this "**Note**").

**2. Payment Schedule.** The Maker shall pay to the Noteholder consecutive monthly payments of Eight Thousand Dollars ($8,000.00), due and payable on or before the seventh (7th) day of each consecutive month commencing March 7, 2017, until paid in full. If the Maker defaults on this Note as set forth in Section 5 below, then the entire Principal Sum shall be immediately due and payable to the Noteholder, less any payments made by the Maker up to the point of default.

**3. Interest Rate.** This Promissory Note shall accrue interest monthly at the rate of 0.417% per month, which is an annual percentage rate of five percent (5%) on the unpaid Principal balance.

**4. Payment Instructions.** All payments shall be made by check payable to "David Risi" and delivered to 13763 Royal Red Terrace, Chantilly, Virginia 20151.

**5. Default.** If the Maker fails to make any payment due under this Note on the date and in the amount required, and fails to cure such non-payment within eight ( 8) days of receipt of written notice of non-payment delivered to Maker in accordance with Section 8 below, then the Maker shall be in default of this Note.



Page **1** of **4**

**6. Late Fee**. If the Maker fails to make any payment due under Section 2 of this Note within eight (8) days of the due date, the Maker shall pay to the Noteholder a late fee equal to $160.00.

**7. Rights and Remedies upon Default**. Upon the occurrence of a default of this Note, the Noteholder shall be entitled to the following rights and remedies:

    **a. Acceleration of Amount Due**. The Noteholder may declare the Principal Sum, less any payments made up to that point by Maker, to be accelerated and immediately due and payable without presentment, demand or notice, which are hereby expressly waived by the Maker.

    **b. Confession of Judgment**. In the event of any default under this Note, Maker does hereby constitute and appoint James F. Davis, Esquire, as Maker's lawful attorney-in-fact for Maker and in Maker's name and stead to appear before the County of Fairfax Circuit Court to confess judgment against Maker for all amounts due and owing under this Note and all costs of collection including, but not limited to reasonable attorney's fees in the amount of twenty-five percent (25%) of all amounts then due and owing under this Note.

    **c. No Waiver By Noteholder.** Even if, at a time when Maker is in default, the Noteholder does not require immediate payment in full as described above, the Noteholder will still have the right to do so if Maker is in default at a later time.

    **d. Right to Pursue Other Remedies.** In lieu of confessing this Note, or if all or part of this Note shall be held unenforceable by any court in the United States, the Noteholder may enforce the terms of this Note by asserting a claim in any court within the United States in any one or more proceedings for the amounts owed under this Note.

**8. Notices**. Unless applicable law requires a different method, any notice that must be given to the Maker under this Note will be given by delivering it or mailing it by first class mail to the Maker at the following address:

DOUGLAS A. RICHARDSON
121 West Commercial
Lebanon, Missouri 65536

**9. Prepayment.** The Maker reserves the right to prepay without penalty any portion of the Principal Sum due hereunder.

**10. Waivers**. The Maker hereby waives and releases, to the extent permitted by law, all errors and all rights of exemption, lack of personal jurisdiction, appeal, stay of execution, inquisition and extension upon any levy on real estate or personal property to which the Maker may otherwise be entitled under Federal or State law. The Maker hereby waives presentment, demand, protest and notice, except as provided herein, and unconditionally agrees to be bound by the terms herein above. Any waiver of or failure to enforce an

event of default by the Noteholder shall not be deemed a waiver of any subsequent event of default.

**11. Jurisdiction.** This Note shall be governed by, construed and interpreted in accordance with the laws of the Commonwealth of Virginia. The Maker hereby agrees that any and all disputes whatsoever arising under or related to this Note shall be litigated exclusively, if at all, in the courts of Fairfax County, Virginia.

**12. Waiver of Jury Trial.** THE MAKER HEREBY WAIVES ANY RIGHT TO A JURY TRIAL IN MATTERS ARISING OUT OF OR IN ANY WAY CONNECTED TO THIS NOTE, OR THE CONSTRUCTION, INTERPRETATION, VALIDITY, OR PERFORMANCE OF THIS NOTE.

**13. Assignment.** This Note may be assigned in whole or in part by Noteholder at the sole and absolute discretion of Noteholder. This Note may not be assigned by the Maker.

**14. Obligations of Persons Under this Note.** If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. In addition, any person who is the guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Noteholder may enforce his rights under this Note against each person individually or against all obligated parties together. This means that any obligated party may be required to pay all of the amounts owed under this Note.

**IN WITNESS HERETO,** the undersigned Maker executes this Note as of the date written above.

By: _____     Date: 3/6/2017
      Douglas A. Richardson

STATE OF
COUNTY/CITY OF _Laclede_____, to-wit:

SUBSCRIBED, SWORN, and ACKNOWLEDGED before me this 6th day of March, 2017 by Douglas A. Richardson.

_____
Notary Public

My Commission Expires April 27, 2019

RHONDA PENLEY
Notary Public - Notary Seal
State of Missouri, Texas County
Commission # 15031038
My Commission Expires Apr 27, 2019

Page 3 of 4

By: _____   Date: 3/6/2017

Douglas A. Richardson, Duly Authorized
Agent on behalf of Douglas Richardson CPA, LLC

STATE OF
COUNTY/CITY OF  Loclide          , to-wit:

SUBSCRIBED, SWORN, and ACKNOWLEDGED before me this 6th day of March,
2017 by Douglas A. Richardson, Duly Authorized Agent on behalf of Douglas
Richardson CPA, LLC.

_____

Notary Public

My Commission Expires: April 27, 2019

```
RHONDA PENLEY
Notary Public - Notary Seal
State of Missouri, Texas County
Commission # 15031038
My Commission Expires Apr 27, 2019
```

Page 4 of 4



EXHIBIT
B

**CONFESSION OF JUDGMENT PROMISSORY NO**
Commonwealth of Virginia

March _6_ 2017                                                    $24,496.00

## IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

**1. Unconditional Promise to Pay.** FOR VALUE RECEIVED, the undersigned, **DOUGLAS A. RICHARDSON**, an individual with a residence of 1220 Castlerock Ave, Lebanon, Missouri 65536 ("Richardson") and **DOUGLAS A. RICHARDSON CPA, LLC**, a Missouri LLC (the "Company") located at 121 West Commercial, Lebanon, Missouri 65536 (both Richardson and the Company, jointly and severally, are hereinafter called the **"Maker"**), promises to unconditionally pay to the order of MCIRA, LLC (the **"Noteholder"**), or its assigns, the principal sum of Twenty-four Thousand Four Hundred Ninety-six Dollars ($24,496.00) (the "Principal Sum"), in accordance with the provisions of this Confession of Judgment Promissory Note (this **"Note"**).

**2. Payment Schedule.** The Maker shall pay to the Noteholder consecutive monthly payments of Eight Thousand Dollars ($8,000.00), due and payable on or before the seventh (7th) day of each consecutive month commencing July 7, 2019, until paid in full. If the Maker defaults on this Note as set forth in Section 5 below, then the entire Principal Sum shall be immediately due and payable to the Noteholder, less any payments made by the Maker up to the point of default.

**3. Interest Rate.** This Promissory Note shall accrue interest monthly at the rate of 0.417% per month, which is an annual percentage rate of five percent (5%) on the unpaid Principal balance.

**4. Payment Instructions.** All payments shall be made by check payable to "MCIRA, LLC" and delivered to MCIRA, LLC, c/o David Risi, 13763 Royal Red Terrace, Chantilly, Virginia 20151.

**5. Default.** For purposes of this Note, any of the following shall constitute a "Default."

    **a. Failure to Pay.** If the Maker fails to make any payment due under this Note on the date and in the amount required, and fails to cure such non-payment within eight ( 8) days  of receipt of written notice of non-payment delivered to Maker in accordance with Section 8 below, then the Maker shall be in default of this Note.

**b. Default on Other Notes.** Maker's default under its Note with David Risi, which is attached hereto as Exhibit A and is incorporated by reference, shall constitute a default on this Note.

**6. Late Fee.** If the Maker fails to make any payment due under Section 2 of this Note within eight (8) days of the due date, the Maker shall pay to the Noteholder a late fee equal to $160.00.

**7. Rights and Remedies upon Default.** Upon the occurrence of a default of this Note, the Noteholder shall be entitled to the following rights and remedies:

**a. Acceleration of Amount Due.** The Noteholder may declare the Principal Sum, less any payments made up to that point by Maker, to be accelerated and immediately due and payable without presentment, demand or notice, which are hereby expressly waived by the Maker.

**b. Confession of Judgment.** In the event of any default under this Note, Maker does hereby constitute and appoint James F. Davis, Esquire, as Maker's lawful attorney-in-fact for Maker and in Maker's name and stead to appear before the County of Fairfax Circuit Court to confess judgment against Maker for all amounts due and owing under this Note and all costs of collection including, but not limited to reasonable attorney's fees in the amount of twenty-five percent (25%) of all amounts then due and owing under this Note.

**c. No Waiver By Noteholder.** Even if, at a time when Maker is in default, the Noteholder does not require immediate payment in full as described above, the Noteholder will still have the right to do so if Maker is in default at a later time.

**d. Right to Pursue Other Remedies.** In lieu of confessing this Note, or if all or part of this Note shall be held unenforceable by any court in the United States, the Noteholder may enforce the terms of this Note by asserting a claim in any court within the United States in any one or more proceedings for the amounts owed under this Note.

**8. Notices.** Unless applicable law requires a different method, any notice that must be given to the Maker under this Note will be given by delivering it or mailing it by first class mail to the Maker at the following address:

DOUGLAS A. RICHARDSON
121 West Commercial
Lebanon, Missouri 65536

**9. Prepayment.** The Maker reserves the right to prepay without penalty any portion of the Principal Sum due hereunder.

**10. Waivers.** The Maker hereby waives and releases, to the extent permitted by law, all errors and all rights of exemption, lack of personal jurisdiction, appeal, stay of execution, inquisition and extension upon any levy on real estate or personal property to which the Maker may otherwise be entitled under Federal or State law. The Maker hereby waives presentment, demand, protest and notice, except as provided herein, and unconditionally agrees to be bound by the terms herein above. Any waiver of or failure to enforce an event of default by the Noteholder shall not be deemed a waiver of any subsequent event of default.

**11. Jurisdiction.** This Note shall be governed by, construed and interpreted in accordance with the laws of the Commonwealth of Virginia. The Maker hereby agrees that any and all disputes whatsoever arising under or related to this Note shall be litigated exclusively, if at all, in the courts of Fairfax County, Virginia.

**12. Waiver of Jury Trial.** THE MAKER HEREBY WAIVES ANY RIGHT TO A JURY TRIAL IN MATTERS ARISING OUT OF OR IN ANY WAY CONNECTED TO THIS NOTE, OR THE CONSTRUCTION, INTERPRETATION, VALIDITY, OR PERFORMANCE OF THIS NOTE.

**13. Assignment.** This Note may be assigned in whole or in part by Noteholder at the sole and absolute discretion of Noteholder. This Note may not be assigned by the Maker.

**14. Obligations of Persons Under this Note.** If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. In addition, any person who is the guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Noteholder may enforce his rights under this Note against each person individually or against all obligated parties together. This means that any obligated party may be required to pay all of the amounts owed under this Note.

**IN WITNESS HERETO,** the undersigned Maker executes this Note as of the date written above.

By: _____     Date: 3/6/2017

Douglas A. Richardson

STATE OF
COUNTY/CITY OF  Laclede  , to-wit:

SUBSCRIBED, SWORN, and ACKNOWLEDGED before me this 6th day of March, 2017 by Douglas A. Richardson.

_____
Notary Public                          My Commission Expires: April 27 2019

RHONDA PENLEY
Notary Public - Notary Seal
State of Missouri, Texas County
Commission # 15031038
My Commission Expires Apr 27, 2019

By: _____     Date: 3/6/2017

Douglas A. Richardson, Duly Authorized
Agent on behalf of Douglas Richardson CPA, LLC

STATE OF
COUNTY/CITY OF  Laclede  , to-wit:

SUBSCRIBED, SWORN, and ACKNOWLEDGED before me this 6th day of March, 2017 by Douglas A. Richardson, Duly Authorized Agent on behalf of Douglas Richardson CPA, LLC.

_____
Notary Public                          My Commission Expires: April 27, 2019

RHONDA PENLEY
Notary Public - Notary Seal
State of Missouri, Texas County
Commission # 15031038
My Commission Expires Apr 27, 2019

Page **4** of **4**

## CONFESSION OF JUDGMENT PROMISSORY NOTE
Commonwealth of Virginia

March _6_, 2017                                                $159,025.25

## IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

1. **Unconditional Promise to Pay.** FOR VALUE RECEIVED, the undersigned, **DOUGLAS A. RICHARDSON**, an individual with a residence of 1220 Castlerock Ave, Lebanon, Missouri 65536 ("Richardson") and **DOUGLAS A. RICHARDSON CPA, LLC**, a Missouri LLC (the "Company") located at 121 West Commercial, Lebanon, Missouri 65536 (both Richardson and the Company, jointly and severally, are hereinafter called the "**Maker**"), promises to unconditionally pay to the order of DRINV, LLC (the "**Noteholder**"), or its assigns, the principal sum of One Hundred Fifty-Nine Thousand Twenty-five Dollars ($159,025.25) (the "Principal Sum"), in accordance with the provisions of this Confession of Judgment Promissory Note (this "**Note**").

2. **Payment Schedule.** The Maker shall pay to the Noteholder consecutive monthly payments of Eight Thousand Dollars ($8,000.00), due and payable on or before the seventh (7th) day of each consecutive month commencing November 7, 2019, until paid in full. If the Maker defaults on this Note as set forth in Section 5 below, then the entire Principal Sum shall be immediately due and payable to the Noteholder, less any payments made by the Maker up to the point of default.

3. **Interest Rate.** This Promissory Note shall accrue interest monthly at the rate of 0.417% per month, which is an annual percentage rate of five percent (5%) on the unpaid Principal balance.

4. **Payment Instructions.** All payments shall be made by check payable to "DRINV, LLC" and delivered to DRINV, LLC, c/o David Risi, 13763 Royal Red Terrace, Chantilly, Virginia 20151.

5. **Default.** For purposes of this Note, any of the following shall constitute a "Default."

     a. **Failure to Pay.** If the Maker fails to make any payment due under this Note on the date and in the amount required, and fails to cure such non-payment within eight (8) days of receipt of written notice of non-payment delivered to Maker in accordance with Section 8 below, then the Maker shall be in default of this Note.

Page 1 of 4


EXHIBIT
C

**b. Default on Other Notes.** Maker's default under its Notes with David Risi and/or MCIRA, LLC, which are attached hereto as Exhibit A and Exhibit B respectively and are incorporated by reference, shall constitute a default on this Note.

**6. Late Fee.** If the Maker fails to make any payment due under Section 2 of this Note within eight (8) days of the due date, the Maker shall pay to the Noteholder a late fee equal to $160.00.

**7. Rights and Remedies upon Default.** Upon the occurrence of a default of this Note, the Noteholder shall be entitled to the following rights and remedies:

**a. Acceleration of Amount Due.** The Noteholder may declare the Principal Sum, less any payments made up to that point by Maker, to be accelerated and immediately due and payable without presentment, demand or notice, which are hereby expressly waived by the Maker.

**b. Confession of Judgment.** In the event of any default under this Note, Maker does hereby constitute and appoint James F. Davis, Esquire, as Maker's lawful attorney-in-fact for Maker and in Maker's name and stead to appear before the County of Fairfax Circuit Court to confess judgment against Maker for all amounts due and owing under this Note and all costs of collection including, but not limited to reasonable attorney's fees in the amount of twenty-five percent (25%) of all amounts then due and owing under this Note.

**c. No Waiver By Noteholder.** Even if, at a time when Maker is in default, the Noteholder does not require immediate payment in full as described above, the Noteholder will still have the right to do so if Maker is in default at a later time.

**d. Right to Pursue Other Remedies.** In lieu of confessing this Note, or if all or part of this Note shall be held unenforceable by any court in the United States, the Noteholder may enforce the terms of this Note by asserting a claim in any court within the United States in any one or more proceedings for the amounts owed under this Note.

**8. Notices.** Unless applicable law requires a different method, any notice that must be given to the Maker under this Note will be given by delivering it or mailing it by first class mail to the Maker at the following address:

DOUGLAS A. RICHARDSON
121 West Commercial
Lebanon, Missouri 65536

**9. Prepayment.** The Maker reserves the right to prepay without penalty any portion of the Principal Sum due hereunder.

**10. Waivers.** The Maker hereby waives and releases, to the extent permitted by law, all errors and all rights of exemption, lack of personal jurisdiction, appeal, stay of execution, inquisition and extension upon any levy on real estate or personal property to which the Maker may otherwise be entitled under Federal or State law. The Maker hereby waives presentment, demand, protest and notice, except as provided herein, and unconditionally agrees to be bound by the terms herein above. Any waiver of or failure to enforce an event of default by the Noteholder shall not be deemed a waiver of any subsequent event of default.

**11. Jurisdiction.** This Note shall be governed by, construed and interpreted in accordance with the laws of the Commonwealth of Virginia. The Maker hereby agrees that any and all disputes whatsoever arising under or related to this Note shall be litigated exclusively, if at all, in the courts of Fairfax County, Virginia.

**12. Waiver of Jury Trial.** THE MAKER HEREBY WAIVES ANY RIGHT TO A JURY TRIAL IN MATTERS ARISING OUT OF OR IN ANY WAY CONNECTED TO THIS NOTE, OR THE CONSTRUCTION, INTERPRETATION, VALIDITY, OR PERFORMANCE OF THIS NOTE.

**13. Assignment.** This Note may be assigned in whole or in part by Noteholder at the sole and absolute discretion of Noteholder. This Note may not be assigned by the Maker.

**14. Obligations of Persons Under this Note.** If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. In addition, any person who is the guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Noteholder may enforce his rights under this Note against each person individually or against all obligated parties together. This means that any obligated party may be required to pay all of the amounts owed under this Note.

**IN WITNESS HERETO,** the undersigned Maker executes this Note as of the date written above.

By: _____     Date: __3/6/2017__
        Douglas A. Richardson

STATE OF
COUNTY/CITY OF _Laclede_ , to-wit:

SUBSCRIBED, SWORN, and ACKNOWLEDGED before me this _6th_ day of March, 2017 by Douglas A. Richardson.

_____     My Commission Expires: _April 27, 2019_
Notary Public

Page 3 of 4

RHONDA PENLEY
Notary Public - Notary Seal
State of Missouri, Texas County
Commission # 15031035
My Commission Expires Apr 27, 2019

By: _____   Date: 3/6/2017

    Douglas A. Richardson, Duly Authorized
    Agent on behalf of Douglas Richardson CPA, LLC

STATE OF
COUNTY/CITY OF  Laclede_____, to-wit:

SUBSCRIBED, SWORN, and ACKNOWLEDGED before me this 6th day of March,
2017 by Douglas A. Richardson, Duly Authorized Agent on behalf of Douglas
Richardson CPA, LLC.

Rhonda Penley
Notary Public

My Commission Expires: April 27, 2019

> RHONDA PENLEY
> Notary Public - Notary Seal
> State of Missouri, Texas County
> Commission # 15031038
> My Commission Expires Apr 27, 2019

Page 4 of 4



## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into as of the _6_ day of March, 2017 (the "Effective Date"), by and between Douglas A. Richardson, Douglas A. Richardson CPA, LLC (hereinafter referred to collectively as "Richardsons") and David Risi, EHS Source, Inc., MCIRA, LLC, and DRINV, LLC (hereinafter referred to collectively as "Risis"), collectively referred herein as the "Parties" to this Agreement.

WHEREAS, the Richardsons are in default on Secured Promissory Notes due and payable to the Risis, which are attached hereto as Exhibit A and incorporated by refernce, and

WHEREAS, the parties seek to compromise their claims and avoid the cost of litigation, and

THEREFORE, in consideration of the mutual promises contained herein, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. **Payment.** The Richardsons hereby agree to pay the Risis, and the Risis agree to accept from the Richardsons, the principal sum of $404,021.25, plus interest (the "Settlement Sum") pursuant to the terms and conditions of Confession of Judgment Promissory Notes (the "Notes"), which are attached hereto as Exhibit B and are incorporated by reference.

2. **Release.** In consideration of the Settlement Sum and execution of the Notes, the Risis hereby release the Richardsons from liability related to the default the Secured Promissory Notes referenced above and attached hereto as Exhibit A.

3. **Entire Agreement.** This Agreement contains the entire agreement between the Parties in relation to the matters described herein. All negotiations leading up to this Agreement are merged herewith and shall not be the basis of any legal rights, claims or defenses in relation to any litigation or otherwise. This Agreement may be amended only through a writing signed by all of the undersigned Parties.

4. **Jurisdiction.** This Agreement shall be governed by, construed and interpreted in accordance with the laws of the Commonwealth of Virginia. The Parties hereby agree that any and all disputes whatsoever arising under or related to this Agreement shall be litigated exclusively, if at all, in the courts of Fairfax County, Virginia.

5. **Waiver of Jury Trial.** THE PARTIES HEREBY WAIVE ANY RIGHT TO A JURY TRIAL IN MATTERS ARISING OUT OF OR IN ANY WAY CONNECTED TO THIS AGREEMENT, OR THE CONSTRUCTION, INTERPRETATION, VALIDITY, OR PERFORMANCE OF THIS AGREEMENT.

**6. Counterparts.** This Agreement may be signed in counterparts such that each duplicate, together with a complete set of original signatures, shall constitute one and the same Agreement, but this Agreement shall only be enforceable once it has been signed by all of the Parties, either in counterparts or otherwise, and the Richardsons have fully executed and delivered to the Risis the Confession of Judgment Promissory Notes attached hereto as Exhibit B. The Parties' signatures to this Agreement may be evidenced by PDF or facsimile transmissions, and each party may rely on a PDF or facsimile signature on behalf of each other party as proof of such other party's execution of this Agreement.

IN WITNESS WHEREOF, the undersigned parties hereto have caused this Agreement to be executed as of the date set forth above with the intention of being legally bound hereby.

By: _____
Douglas A. Richardson

By: _____
Douglas A. Richardson, Duly Authorized
Agent on behalf of Douglas Richardson CPA, LLC

By: _____
David Risi

By: _____
M. Christine Risi, Duly Authorized Agent
On behalf of MCIRA, LLC

By: _____
David Risi, Duly Authorized Agent
On behalf of DRINV, LLC

DISTRICT COURT
**F I L E D**

MAR 1 3 2018



DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a seal, do hereby certify that the foregoing and hereunto annexed paper is a true and complete copy of:

Abstract of Judgment rendered in the FAIRFAX CIRCUIT COURT on the 12/21/2017, in the case MCRA LLC versus DOUGLAS A RICHARDSON and DOUGLAS A RICHARDSON CPA LLC.  Now on file and of record Judgment 593457 in my office.

# CV-2018-00318

**IN TESTIMONY WHEREOF** I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

JEFFERSON D. SELLERS

6TH DAY OF FEBRUARY, 2018

_____
Clerk's Signature



EXHIBIT
E

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, Daniel E. Ortiz,  Judge of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record, do hereby certify that John T. Frey, whose genuine signature appears signed to the foregoing and hereunto annexed certificate and thereon written, was, at the date thereof, and is now, the Clerk of said Court, duly elected, qualified and authorized under the laws of said State to give the same, and all his official acts as such Clerk are entitled to full, faith and credit; and that the said certificate is in due form of law and by the proper officer.  I further certify that I am well acquainted with the handwriting of said John T. Frey, Clerk as aforesaid, and that his said signature to the foregoing and hereunto annexed certificate is his usual and genuine signature.

_____
Judge's Signature

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a Seal, do hereby certify that the Honorable Daniel E. Ortiz, whose genuine signature appears signed to the foregoing certificate and thereon written, was at the date thereof, and is now, the Judge of said Court and County, duly elected, qualified and authorized under the laws of the State of Virginia to give the same, and that all of his official acts as such Judge are entitled to full faith and credit.

I further certify that I am well acquainted with the handwriting of the said, Daniel E. Ortiz, Judge, as aforesaid, and that the signature to the said Certificate is his usual and genuine signature.

**IN TESTIMONY WHEREOF** I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

6TH DAY OF FEBRUARY, 2018

_____
Clerk's Signature

**Abstract of Judgment**
Fairfax Circuit Court

Case No.: CL20170012864
Judgment No.: 593457

## FAIRFAX CIRCUIT COURT
Where Rendered

| MCRA LLC | Yes | VS | RICHARDSON, DOUGLAS A | No |
|---|---|---|---|---|
| Plaintiff Name | Firm | | Defendant Name | Firm |

| SSN/ID | | DOB |
|---|---|---|
| 1220 CASTLEROCK AVENUE LEBANON MISSOURI 65536 | | |
| Address | | |

| DOUGLAS A RICHARDSON CPA LLC | Yes |
|---|---|
| Defendant Name | Firm |

| SSN/ID | | DOB |
|---|---|---|
| 121 WEST COMMERCIAL LEBANON MISSOURI 65536 | | |
| Address | | |

| 12/21/2017 | 01/04/2018 08:52:50 AM | DAVIS, JAMES F |
|---|---|---|
| Date of Judgment | Docket Date/Time | Plaintiff Attorney Name |

Defendant Attorney Name

SUM OF 24,496.00, PLUS COURT COSTS, AND ATTY'S FEES OF 6,124.00, WITH INTEREST AT 6% FROM 12/21/2017

Judgment Description

**Executions**
None

**Updates**
None

I certify that above to be a true abstract of a judgment docketed in this court.

Date: 2/6/18          Deputy Clerk: _Amandeep Kaur_



**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a seal, do hereby certify that the foregoing and hereunto annexed paper is a true and complete copy of:

Abstract of Judgment rendered in the FAIRFAX CIRCUIT COURT on the 12/21/2017, in the case DRINV LLC versus DOUGLAS A RICHARDSON and DOUGLAS A RICHARDSON CPA LLC. Now on file and of record Judgment 593456 in my office.

DISTRICT COURT
FILED
CV-2018-00319
MAR 13 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA, TULSA COUNTY

IN TESTIMONY WHEREOF I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

6TH DAY OF FEBRUARY, 2018

REBECCA NIGHTINGALE

_____
Clerk's Signature

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, Daniel E. Ortiz, Judge of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record, do hereby certify that John T. Frey, whose genuine signature appears signed to the foregoing and hereunto annexed certificate and thereon written, was, at the date thereof, and is now, the Clerk of said Court, duly elected, qualified and authorized under the laws of said State to give the same, and all his official acts as such Clerk are entitled to full, faith and credit; and that the said certificate is in due form of law and by the proper officer. I further certify that I am well acquainted with the handwriting of said John T. Frey, Clerk as aforesaid, and that his said signature to the foregoing and hereunto annexed certificate is his usual and genuine signature.

_____
Judge's Signature

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a Seal, do hereby certify that the Honorable Daniel E. Ortiz, whose genuine signature appears signed to the foregoing certificate and thereon written, was at the date thereof, and is now, the Judge of said Court and County, duly elected, qualified and authorized under the laws of the State of Virginia to give the same, and that all of his official acts as such Judge are entitled to full faith and credit.

I further certify that I am well acquainted with the handwriting of the said, Daniel E. Ortiz, Judge, as aforesaid, and that the signature to the said Certificate is his usual and genuine signature.

IN TESTIMONY WHEREOF I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

6TH DAY OF FEBRUARY, 2018

_____
Clerk's Signature



**Abstract of Judgment**
Fairfax Circuit Court

Case No.: CL20170012864
Judgment No.: 593456

**FAIRFAX CIRCUIT COURT**

Where Rendered

| DRINV LLC | | Yes | VS | RICHARDSON, DOUGLAS A | | No |
|---|---|---|---|---|---|---|
| Plaintiff Name | | Firm | | Defendant Name | | Firm |

| | |
|---|---|
| SSN/ID | DOB |

1220 CASTLEROCK AVENUE LEBANON
MISSOURI 65536
Address

| DOUGLAS A RICHARDSON CPA LLC | Yes |
|---|---|
| Defendant Name | Firm |

| | |
|---|---|
| SSN/ID | DOB |

121 WEST COMMERCIAL LEBANON MISSOURI
65536
Address

| 12/21/2017 | 01/04/2018 08:52:43 AM | DAVIS, JAMES F |
|---|---|---|
| Date of Judgment | Docket Date/Time | Plaintiff Attorney Name |

Defendant Attorney Name

SUM OF 159,025.25, PLUS COURT COSTS AND ATTY'S FEES OF 39,756.31, WITH INTEREST AT 6% FROM
12/21/2017

Judgment Description

**Executions**
None

**Updates**
None

I certify that above to be a true abstract of a judgment docketed in this court.

Date: 2/6/18          Deputy Clerk: _Amandeep Kaur_

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

# CV-2018-00375

`*1039844903*`

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a seal, do hereby certify that the foregoing and hereunto annexed paper is a true and complete copy of:

**LINDA G. MORRISSEY**

Abstract of Judgment rendered in the FAIRFAX CIRCUIT COURT on the 02/23/2018, in the case DAVID RISI versus DOUGLAS A RICHARDSON, DOUGLAS A RICHARDSON CPA LLC and DAWN RICHARDSON.  Now on file and of record in judgment 596169 in my office.

**IN TESTIMONY WHEREOF** I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

19TH DAY OF MARCH, 2018

_Clerk's Signature_

DISTRICT COURT
**FILED**

MAR 2 2 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, Michael F. Devine,  Judge of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record, do hereby certify that John T. Frey, whose genuine signature appears signed to the foregoing and hereunto annexed certificate and thereon written, was, at the date thereof, and is now, the Clerk of said Court, duly elected, qualified and authorized under the laws of said State to give the same, and all his official acts as such Clerk are entitled to full, faith and credit; and that the said certificate is in due form of law and by the proper officer.  I further certify that I am well acquainted with the handwriting of said John T. Frey, Clerk as aforesaid, and that his said signature to the foregoing and hereunto annexed certificate is his usual and genuine signature.

_Judge's Signature_

DON NEWBERRY
COURT CLERK
2018 MAR 22  PM 1: 42

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a Seal, do hereby certify that the Honorable Michael F. Devine, whose genuine signature appears signed to the foregoing certificate and thereon written, was at the date thereof, and is now, the Judge of said Court and County, duly elected, qualified and authorized under the laws of the State of Virginia to give the same, and that all of his official acts as such Judge are entitled to full faith and credit.

I further certify that I am well acquainted with the handwriting of the said, Michael F. Devine, Judge, as aforesaid, and that the signature to the said Certificate is his usual and genuine signature.

**IN TESTIMONY WHEREOF** I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

19TH DAY OF MARCH, 2018

_Clerk's Signature_



**Abstract of Judgment**
Fairfax Circuit Court

Case No.: CL20170012864
Judgment No.: 596169

**FAIRFAX CIRCUIT COURT**
Where Rendered

RISI, DAVID

Plaintiff Name

No

Firm

VS   RICHARDSON, DOUGLAS A

Defendant Name

No

Firm

SSN/ID                                          DOB

1220 CASTLEROCK AVENUE LEBANON
MISSOURI 65536
Address

DOUGLAS A RICHARDSON CPA LLC

Defendant Name

Yes

Firm

SSN/ID                                          DOB

121 WEST COMMERCIAL LEBANON MISSOURI
65536
Address

RICHARDSON, DAWN

Defendant Name

No

Firm

SSN/ID                                          DOB

1220 CASTLEROCK AVENUE LEBANON
MISSOURI 65536
Address

02/23/2018

Date of Judgment

03/15/2018 08:25:23 AM

Docket Date/Time

DAVIS, JAMES F
Plaintiff Attorney Name

WEBB, FRANK A
Defendant Attorney Name

IN THE SUM OF 201,641.65, PLUS COURT COSTS, WITH INTEREST AT 6% FROM 02/23/2018
Judgment Description

Executions
None

Updates
None

I certify that above to be a true abstract of a judgment docketed in this court.

Date: March 19, 2018                Deputy Clerk: _____

CV-2018-00376

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

DAMAN CANTRELL



*1039844907*

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a seal, do hereby certify that the foregoing and hereunto annexed paper is a true and complete copy of:

Abstract of Judgment rendered in the FAIRFAX CIRCUIT COURT on the 02/23/2018, in the case ~~DISTRICT COURT~~ DAWN RICHARDSON. Now on file and of record in judgment 596170 in my office.

DISTRICT COURT

**F I L E D**

MAR 2 2 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**IN TESTIMONY WHEREOF** I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

19TH DAY OF MARCH, 2018

_____
Clerk's Signature

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, Grace Burke Carroll, Judge of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record, do hereby certify that John T. Frey, whose genuine signature appears signed to the foregoing and hereunto annexed certificate and thereon written, was, at the date thereof, and is now, the Clerk of said Court, duly elected, qualified and authorized under the laws of said State to give the same, and all his official acts as such Clerk are entitled to full, faith and credit; and that the said certificate is in due form of law and by the proper officer. I further certify that I am well acquainted with the handwriting of said John T. Frey, Clerk as aforesaid, and that his said signature to the foregoing and hereunto annexed certificate is his usual and genuine signature.

_____
Judge's Signature

DON NEWBERRY
COURT CLERK
2018 MAR 22  PM 1:42

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a Seal, do hereby certify that the Honorable Grace Burke Carroll, whose genuine signature appears signed to the foregoing certificate and thereon written, was at the date thereof, and is now, the Judge of said Court and County, duly elected, qualified and authorized under the laws of the State of Virginia to give the same, and that all of her official acts as such Judge are entitled to full faith and credit.

I further certify that I am well acquainted with the handwriting of the said, Grace Burke Carroll, Judge, as aforesaid, and that the signature to the said Certificate is her usual and genuine signature.

**IN TESTIMONY WHEREOF** I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

19TH DAY OF MARCH, 2018

_____
Clerk's Signature

**Abstract of Judgment**
Fairfax Circuit Court

Case No.: CL20170012864
Judgment No.: 596170

## FAIRFAX CIRCUIT COURT
Where Rendered

| MCRA LLC | Yes | VS RICHARDSON, DAWN | No |
|---|---|---|---|
| Plaintiff Name | Firm | Defendant Name | Firm |

SSN/ID                                         DOB

1220 CASTLEROCK AVENUE LEBANON
MISSOURI 65536
Address

| 02/23/2018 | 03/15/2018 08:25:24 AM | DAVIS, JAMES F |
|---|---|---|
| Date of Judgment | Docket Date/Time | Plaintiff Attorney Name |

WEBB, FRANK A
Defendant Attorney Name

SUM OF 24,496.00, PLUS COURT COSTS AND ATTY'S FEES OF 6,124.00, WITH INTEREST AT 6% FROM 02/23/2018

Judgment Description

**Executions**
None

**Updates**
None

I certify that above to be a true abstract of a judgment docketed in this court.

Date: March 19, 2018          Deputy Clerk:

**CV-2018-00377**

**MARY F. FITZGERALD**

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a seal, do hereby certify that the foregoing and hereunto annexed paper is a true and complete copy of:

Abstract of Judgment rendered in the FAIRFAX CIRCUIT COURT on the 02/23/2018, in the case DRINV LLC versus DAWN RICHARDSON.  Now on file and of record in judgment 596171 in my office.

**IN TESTIMONY WHEREOF** I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

19TH DAY OF MARCH, 2018

_John T. Frey_
Clerk's Signature

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, Grace Burke Carroll,  Judge of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record, do hereby certify that John T. Frey, whose genuine signature appears signed to the foregoing and hereunto annexed certificate and thereon written, was, at the date thereof, and is now, the Clerk of said Court, duly elected, qualified and authorized under the laws of said State to give the same, and all his official acts as such Clerk are entitled to full, faith and credit; and that the said certificate is in due form of law and by the proper officer.  I further certify that I am well acquainted with the handwriting of said John T. Frey, Clerk as aforesaid, and that his said signature to the foregoing and hereunto annexed certificate is his usual and genuine signature.

_Judge's Signature_

DISTRICT COURT
FILED

MAR 2 2 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX to wit:**

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a Seal, do hereby certify that the Honorable Grace Burke Carroll, whose genuine signature appears signed to the foregoing certificate and thereon written, was at the date thereof, and is now, the Judge of said Court and County, duly elected, qualified and authorized under the laws of the State of Virginia to give the same, and that all of her official acts as such Judge are entitled to full faith and credit.

I further certify that I am well acquainted with the handwriting of the said, Grace Burke Carroll, Judge, as aforesaid, and that the signature to the said Certificate is her usual and genuine signature.

**IN TESTIMONY WHEREOF** I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

19TH DAY OF MARCH, 2018

_John T. Frey_
Clerk's Signature

**Abstract of Judgment**
Fairfax Circuit Court

Case No.: CL20170012864
Judgment No.: 596171

**FAIRFAX CIRCUIT COURT**
Where Rendered

| DRINV LLC | Yes | VS RICHARDSON, DAWN | No |
|---|---|---|---|
| Plaintiff Name | Firm | Defendant Name | Firm |

SSN/ID                                                                    DOB

1220 CASTLEROCK AVENUE LEBANON
MISSOURI 65536
Address

| 02/23/2018 | 03/15/2018 08:25:25 AM | DAVIS, JAMES F |
|---|---|---|
| Date of Judgment | Docket Date/Time | Plaintiff Attorney Name |

Defendant Attorney Name

SUM OF 159,025.25, PLUS COURT COSTS, AND ATTY'S FEES OF 39,756.31, WITH INTEREST AT 6%
FROM 02/23/2018

Judgment Description

**Executions**
None

**Updates**
None

I certify that above to be a true abstract of a judgment docketed in this court.

Date: March 19, 2018                    Deputy Clerk:



DISTRICT COURT
**FILED**

JAN 15 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## IN THE DISTRICT COURT IN AND FOR THE COUNTY OF TULSA
### STATE OF OKLAHOMA

| | | |
|---|---|---|
| MCRA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV-2018-318 |
| | ) | |
| DOUGLASS RICHARDSON, | ) | Hon. Jefferson D. Sellers |
| | ) | |
| And | ) | |
| | ) | |
| DOUGLASS A. RICHARDSON CPA LLC, | ) | |
| | ) | |
| Defendants | ) | |

**EXHIBIT**

**F**

| | | |
|---|---|---|
| DRINV LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV-2018-319 |
| | ) | |
| DOUGLASS RICHARDSON, | ) | Hon. Rebecca B. Nightingale |
| | ) | |
| And | ) | |
| | ) | |
| DOUGLASS A. RICHARDSON CPA LLC, | ) | |
| | ) | |
| Defendants | ) | |

| | | |
|---|---|---|
| DAVID RISI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV-2018-375 |
| | ) | |
| DOUGLASS RICHARDSON, | ) | Hon. Linda G. Morrisey |
| | ) | |
| And | ) | |
| | ) | |
| DOUGLASS A. RICHARDSON CPA LLC | ) | |
| | ) | |
| Defendants | ) | |



ORDER FOR CONSOLIDATION; *MCRA LLC v. Richardson*, Case No. CV-2018-318.

MCRA LLC,                         )
                                  )
             Plaintiff,           )
                                  )        Case No. CV-2018-376
v.                                )
                                  )        Hon. Daman H. Cantrell
DAWN RICHARDSON,                  )
                                  )
             Defendant            )
-------------------------------------------------------------------------

DRINV LLC,                        )
                                  )
             Plaintiff,           )
                                  )        Case No. CV-2018-377
v.                                )
                                  )        Hon. Mary Fitzgerald
DAWN RICHARDSON,                  )
                                  )
             Defendant            )
-------------------------------------------------------------------------

## ORDER FOR CONSOLIDATION

**WHEREAS** the Plaintiffs' Motion to Consolidate the above-styled cases was filed in this

Court on the _12_ day of _Dec_, 2018, this Court finds that the following cases:

1. *MCRA, LLC v. Richardson,* Case No. CV-2018-318;

2. *DRINV, LLC v. Richardson,* Case No. CV-2018-319;

3. *Risi v. Richardson,* Case No. CV-2018-375;

4. *MCRA, LLC v. Richardson,* Case No. CV-2018-376; and

5. *DRINV, LLC v. Richardson,* Case No. CV-2018-377

share common questions of law and fact, and that consolidation will promote judicial economy

and will result in a fair resolution of the actions without unnecessary expense or delay.

ORDER FOR CONSOLIDATION; *MCRA LLC v. Richardson,* Case No. CV-2018-318.

IT IS THEREFORE ORDERED that the Plaintiffs' Motion is GRANTED, and that the

aforementioned actions are CONSOLIDATED for the purpose of judgment enforcement.

Dated this _2ˣ_ day of _December_ , 2018.

Signed: _____
                         District Judge

Approved as to Form:

_____

Howard Berkson, OBA # 31482
BOSTON AVENUE LAW PLLC
401 S. Boston, Suite 500
Tulsa, OK 74103
Telephone: (539) 777.1287
Facsimile: (405) 509.7100
*Attorney For Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on this, the _____ day of _____, 2018, a true, correct, and exact copy of the above and foregoing instrument was mailed to the following address, with proper postage thereon fully prepaid:

Douglas A. Richardson, CPA, LLC
c/o Douglas A. Richardson, Registered Agent
128 E. Commercial
Lebanon, MO 65536

and

Douglas A. Richardson
1220 Castlerock Ave.
Lebanon, MO 65536

and

Dawn Richardson
1220 Castlerock Ave.
Lebanon, MO 65536

The business notice will also be sent to
Douglas Richardson's residential address.

Howard Berkson # 31482
BOSTON AVENUE LAW PLLC
401 S. Boston, Suite 500
Tulsa, OK 74103
Telephone: (539) 777.1287
Facsimile: (405) 509.7100
**ATTORNEY FOR THE PLAINTIFFS**

 

### STATE OF MISSOURI
### OFFICE OF SECRETARY OF STATE

IN THE MATTER OF:                               )
                                                )
DOUGLAS A. RICHARDSON, CPA, LLC; and            )
DOUGLAS A. RICHARDSON,                          )
                                                )
                          *Respondents.*        )         Case No.  AP-17-03
                                                )
Serve:                                          )
                                                )
Douglas A. Richardson, CPA, LLC                 )
Douglas A. Richardson , Registered Agent        )
128 East Commercial                             )
Lebanon, Missouri 65536                         )
                                                )
and:                                            )
                                                )
Douglas A. Richardson                           )
1220 Castle Rock Avenue                         )
Lebanon, Missouri 65536                         )

### ORDER TO CEASE AND DESIST AND ORDER TO SHOW CAUSE WHY RESTITUTION, CIVIL PENALTIES, AND COSTS SHOULD NOT BE IMPOSED

On March 3, 2017, the Enforcement Section of the Missouri Securities Division of the Office of Secretary of State ("Enforcement Section"), through the Director of Enforcement Saundra J. McDowell, submitted an Amended Petition for Order to Cease and Desist and Order to Show Cause Why Restitution, Civil Penalties, and Costs Should Not Be Imposed ("Amended Petition"). After reviewing the Amended Petition, the Commissioner issues the following order:

## I.     ALLEGATIONS OF FACT

The Amended Petition alleges the following facts:

### A.     Introduction

1.      On or about December 16, 2015, the Enforcement Section opened an investigation on Douglas A. Richardson, CPA, LLC ("Richardson CPA") and Douglas A. Richardson

("Richardson") based on anonymous information that Richardson was receiving large sums of money from investors in the Lebanon, Missouri area and many other states throughout the nation. The investigation revealed that Richardson, among other things, served as Chief Financial Officer for Smart Prong Technologies, Inc. ("SPT"), a for-profit corporation in the state of Oklahoma. While in charge of overseeing investment funds in a SPT bank account, Richardson embezzled in excess of $3 million dollars from September 3, 2014 to April 8, 2016 and used the funds, among other things, for payment of Richardson's own personal debts. An attorney representing SPT sent a letter to the Enforcement Section that alleges Richardson embezzled in excess of $4.5 million dollars and a civil suit against Richardson to recover the funds was filed on October 31, 2016, in the Laclede County, Missouri Circuit Court. The case was transferred to Greene County, Missouri Circuit Court on February 21, 2017. (see *Semitrex, LLC et al v. Douglas A. Richardson, et al, case number 1731-CC00230, change of venue on 2/21/17 from Laclede County, Missouri Circuit Court, case number 16LA-CC00096*).

### B.   Respondents and Related Parties

2.   Richardson CPA is a limited liability company formed in the State of Missouri on February 23, 2009, and its address is listed at 128 East Commercial, Lebanon, Missouri 65536. Its registered agent is Richardson. A check of the records maintained by the Missouri Commissioner of Securities (the "Commissioner") indicates that at all times relevant, there was no registration, granted exemption, or notice filing indicating status as a "federal covered security" for any securities issued by Richardson CPA.

3.   Richardson is a forty-three (43) year old Lebanon, Missouri resident with a last known address of 1220 Castle Rock Avenue, Lebanon, Missouri 65536. A check of the Central Registrations Depository ("CRD") indicates that at all times relevant, Richardson was not registered in Missouri as a broker-dealer, investment adviser, broker-dealer agent, or investment adviser representative ("IAR"). A check of the records maintained by the Missouri Division of Professional Registration indicates that Richardson is a certified public accountant ("CPA") with license number 018894.

4.   SPT is a for-profit business corporation formed in the State of Oklahoma on May 22, 2012. Its registered agent is Michael H. Freeman, 1701 South Carson Avenue, Tulsa, Oklahoma 74119. A check of the records maintained by the Commissioner indicates that at all times relevant, there was no registration, granted exemption, or notice filing indicating status as a "federal covered security" for any securities issued by SPT.

5.   Semitrex, LLC ("Semitrex") is a limited liability company formed in the State of Oklahoma on November 1, 2012. Its registered agent is Michael Hayes Freeman, 1701 South Carson Avenue, Tulsa, Oklahoma 74119. According to information received from an attorney representing SPT, SPT is a 95% owner of Semitrex, described as an operational business that designs power supply chips and has no financial investors. A check of the records maintained by the Commissioner indicates that at all times relevant, there was no registration, granted exemption, or notice filing indicating status as a "federal covered security" for any securities issued by Semitrex.

## C. <u>Enforcement Section Investigation</u>

6. On or about December 16, 2015, the Enforcement Section opened an investigation on Richardson CPA and Richardson based on, among other things, anonymous information that Richardson was receiving investment funds from investors around the country and in the Lebanon, Missouri area.

7. On or about March 9, 2016, the Enforcement Section sent a request for information to Richardson asking for, among other things, a list of all investors in Richardson CPA, Richardson, or any entity in which Richardson was affiliated and/or associated.

8. On or about March 11, 2016, Richardson called the Enforcement Section to inquire about the request for information. Richardson advised that Richardson is associated with SPT and served as SPT's Chief Financial Officer and accountant. Richardson later sent the Enforcement Section a list of all investors in SPT and a sample Subscription Agreement used for investments in SPT. In addition, Richardson said that Richardson had solicited "friends and family" to invest in SPT.

9. The Enforcement Section reviewed the SPT investor list received from Richardson and noted several investors from the Lebanon, Missouri area, as well as investors from the states of California, Florida, Illinois, Massachusetts, Maryland, New Jersey, Oklahoma, Texas, and Virginia.

10. On or about May 13, 2016, the Enforcement Section sent a request for information to SPT asking for, among other things, the following:

  a. a list of all investors in SPT;

  b. an explanation concerning SPT's relationship with Richardson; and

  c. name and address of the financial institution(s) where investors' money is deposited.

11. On or about June 15, 2016, the Enforcement Section received a response from SPT's attorney who stated, among other things, the following:

  a. Richardson has known one of the directors of SPT for some time since Richardson served as the director's personal CPA/accountant;

  b. Richardson served as SPT's CPA, CFO (Chief Financial Officer), and Treasurer "beginning in 2014 until his resignation in June, 2016." Richardson's duties included general accounting, general financial consulting, handling SPT bank accounts as CFO, payroll, accounts payable, tax accounting, filing tax returns, and acting as Treasurer and Cash Management Officer. Richardson was paid $2,000 per month for Richardson's service;

c.    only Richardson and a director for SPT engaged in pre-investment conversations with potential SPT investors. The SPT attorney later told the Enforcement Section that Investment funds "were to be used for the development of a Power Supply Semiconductor Chip/Module, testing and selling that technology to the highest bidder.";

d.    investors in SPT were provided Subscription Agreements, which included the amount of investment for Class A-1 shares in SPT;

e.    in addition to investments in Class A-1 shares in SPT, Richardson executed at least ten (10) collateralized loans on behalf of SPT that were personally guaranteed by the Chairman of the Board for SPT;

f.    all investor funds were wired and/or deposited into a SPT Central Bank account ending in #2217; and

g.    after Richardson's resignation from all positions with SPT, "the board authorized an internal review of all accounting and cash transactions involving the company and Mr. Richardson."

12.    The SPT attorney provided the Enforcement Section copies of all executed Subscription Agreements with SPT investors. The Enforcement Section verified that the information displayed on the agreements was the same as the sample agreement Richardson provided the Enforcement Section. The executed agreements specified, among other things, the following information:

a.    the date, name, and amount of investment for "Class (Series) A-1 Shares" in SPT;

b.    "SPT is a corporation organized and in good standing under laws of the state of Oklahoma."; and

c.    "Subscriber understands that the Subscription Shares herein are securities."

13.    The SPT attorney provided the Enforcement Section with a list of all SPT investors by state. The list appeared to be similar to the list Richardson provided the Enforcement Section. The list indicates that approximately seventeen (17) Missouri investors invested a total of over $1.7 million in SPT from 2014-2016. All total, SPT raised approximately $12 million dollars in every state, including Missouri, from 2012-2016.

14.    Upon information and belief, Richardson personally solicited:  seventeen (17) investors in Missouri to invest over $1.7 million in SPT from 2014-2016; one (1) investor in Virginia to invest about $425,000 from 2013-2016; two (2) investors in Texas to invest about $400,000 in 2015; and one (1) investor in Florida to invest $100,000 in July 2016.

4

15. Emails provided by the SPT attorney indicates that Richardson offered and/or sold SPT Subscription Agreements in and/or from Missouri by, among other things:

    a. sending and/or receiving Subscription Agreements to and/or from investors using Richardson's business email address doug@douglasrichardsoncpa.com;

    b. sending wire instructions to investors to facilitate investors' deposits;

    c. verifying or confirming investor deposits with officials at SPT headquarters in Oklahoma; and

    d. sending and/or receiving Subscription Agreements and SPT investors lists to SPT headquarters.

16. The Enforcement Section subpoenaed the SPT Central Bank records ending in #2217 and discovered, among other things, the following:

    a. Richardson was the sole signatory on the account;

    b. from September 26, 2014, to April 6, 2016, the account received $8,894,600 in deposits from SPT investors via wires and checks;

    c. from September 3, 2014, to February 2, 2016, Richardson wrote checks to himself that totaled $253,500. Approximately $36,000 of this amount may have been authorized payments for services rendered; and

    d. from February 25, 2014, to April 8, 2016, Richardson wired a total of $2,818,500 to other accounts Richardson controlled. The checks and wires were deposited into, among others, the following accounts:

| Bank Name | Account Name | Ending Account # |
|---|---|---|
| Bank of England | Douglas A. Richardson, CPA, LLC | 3677 |
| Arvest Bank | Douglas A. Richardson, CPA, LLC | 0025 |
| Security Bank of Pulaski County | Douglas A. Richardson, CPA, LLC | 9751 |
| Bank of Sullivan | Douglas A. Richardson, CPA, LLC | 9544 |
| Peoples Bank | Douglas A. Richardson, CPA, LLC | 1466 |

17. The Enforcement Section subpoenaed the bank records and noted that Richardson made payments to numerous people and businesses that were not listed on the SPT investor list. Richardson also received large sums of money from those same people and businesses.

18. On or about July 5, 2016, the Enforcement Section questioned Richardson concerning the people and businesses to whom Richardson had made payments, and Richardson advised that Richardson has many personal loans with different people.

19.   Richardson further explained that Richardson's construction business failed in or around 2008 and left Richardson $3 million dollars in debt. Richardson said he may have paid some of those people back using funds received from other people. Richardson asked the Enforcement Section if the Enforcement Section thought Richardson "was like Bernie Madoff."

20.   On July 5, 2016, the Enforcement Section drafted a list of thirty (30) people and businesses that the Enforcement Section had reason to believe Richardson had personal loans with and was paying said loans back. The Enforcement Section emailed that list to Richardson and asked Richardson to define Richardson's financial relationship with the people and businesses. Richardson told the Enforcement Section that Richardson would define the relationships in writing but, to date, Richardson has not responded to this request.

21.   On or about July 20, 2016, the SPT attorney told the Enforcement Section the wires from the SPT Central Bank account ending in #2217 to Richardson's Bank of England account were not authorized. The attorney was uncertain about the other accounts.

22.   On or about September 28, 2016, the Enforcement Section received a letter from an attorney in Springfield, Missouri who had been retained by SPT to initiate civil proceedings against Richardson. The attorney alleged that "[a]t this point, my client's internal investigation indicates that Mr. Richardson has embezzled in excess of 4.5 million dollars from the two companies."

23.   On October 31, 2016, SPT filed a lawsuit against Richardson in the Laclede County, Missouri Circuit Court. The case was transferred to Greene County, Missouri Circuit Court on February 21, 2017, and is currently pending there. (see *Semitrex, LLC et al v. Douglas A. Richardson, et al, case number 1731-CC00230, change of venue on 2/21/17 from Laclede County, Missouri Circuit Court, case number 16LA-CC00096*).

## II.   COMMISSIONER'S DETERMINATIONS AND FINDINGS

### Multiple Violations of Engaging in an Act, Practice, or Course of Business that Would Operate as a Fraud or Deceit Upon Another Person

24.   **THE COMMISSIONER DETERMINES** that in connection with the offer, sale or purchase of a security, Respondents engaged in an act, practice, or course of business that would operate as a fraud or deceit upon another person by, among other things:

a.   offering and/or selling investments in SPT from 2014-2016, to at least seventeen (17) investors in Missouri totaling over $1.7 million, in addition to one (1) investor in Virginia totaling $425,000, two (2) investors in Texas totaling $400,000, and one (1) investor in Florida totaling $100,000;

b.   giving subscription agreements to investors that stated among other things that the investment funds were for Class (Series) A-1 Shares in SPT and instead, using the investment funds for personal use paying back promissory notes from people who helped him during the time of his failed construction business; and

c.   embezzling funds received from SPT investors that Respondent had no right to convert for personal use.

25.   Respondents' conduct in violation of Section 409.5-501, RSMo. (Cum. Supp. 2013)[1] constitutes engaging in an illegal act, practice, or course of business, and such conduct is, therefore, subject to the Commissioner's authority under Section 409.6-604.

26.   This order is in the public interest and is consistent with the purposes of the Missouri Securities Act of 2003. See Section 409.6-605(b).

## III. ORDER

**NOW, THEREFORE,** it is hereby ordered that Respondents, their agents, employees and servants, and all other persons participating in or about to participate in the above-described violations with knowledge of this order be prohibited from violating or materially aiding in any violation of:

A.   Section 409.5-501 by, in connection with the offer or sale of securities, making an untrue statement of a material fact or omitting to state a material fact necessary in order to make the statement made, in light of the circumstances under which it is made, not misleading or engaging in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

## IV. STATEMENT

Pursuant to Section 409.6-604, the Commissioner hereby states that he will determine whether to grant the Enforcement Section's requests for:

A.   $10,000 in civil penalties against Respondents for more than one violation of Section 409.5-501;

B.   an order against Respondents to pay restitution for any loss, including the amount of any actual damages that may have been caused by the conduct, and interest at the rate of 8% per year from the date of the violation causing the loss or disgorge any profits arising from the violation of Section 409.5-501, in a final order, unless Respondents request a hearing and show cause why this restitution or disgorgement should not be imposed; and

---

[1] Unless otherwise specified, all statutory references are to the 2013 cumulative supplement to the Revised Statutes of Missouri.

C.   an order against Respondents to pay the costs of the investigation in this proceeding, after a review of evidence submitted by the Enforcement Section.

**SO ORDERED:**

WITNESS MY HAND AND OFFICIAL SEAL OF MY OFFICE AT JEFFERSON CITY, MISSOURI THIS _7th_ DAY OF _March_____, 2017.

JOHN R. ASHCROFT
SECRETARY OF STATE

DAVID MINNICK
COMMISSIONER OF SECURITIES



## STATE OF MISSOURI
## OFFICE OF SECRETARY OF STATE

IN THE MATTER OF:                                    )
                                                     )
DOUGLAS A. RICHARDSON, CPA, LLC; and                 )
DOUGLAS A. RICHARDSON,                               )
                                                     )
                              *Respondents.*         )          Case No.  AP-17-03
                                                     )
Serve:                                               )
                                                     )
Douglas A. Richardson, CPA, LLC                      )
Douglas A. Richardson , Registered Agent             )
128 East Commercial                                  )
Lebanon, Missouri 65536                              )
                                                     )
and:                                                 )
                                                     )
Douglas A. Richardson                                )
1220 Castle Rock Avenue                              )
Lebanon, Missouri 65536                              )

## <u>NOTICE</u>

**TO:  Respondent and any unnamed representatives aggrieved by this Order:**

You may request a hearing in this matter within thirty (30) days of the receipt of this Order pursuant to Section 409.6-604(b), RSMo. (Cum. Supp. 2013), and 15 CSR 30-55.020. Any request for a hearing before the Commissioner must contain:

     a.    a brief statement of the facts;
     b.    a summary of the factual and legal issues involved;
     c.    a request for relief;
     d.    suggestions in support of the relief sought, including the relevant statutes;
     e.    the name of the party requesting the hearing; and
     f.    the name of the attorney representing the party, if any.

Within fifteen (15) days after receipt of a request in a record from a person or persons subject to this order, the Commissioner will schedule this matter for a hearing.

9

A request for a hearing must be mailed or delivered, in writing, to:

**David Minnick, Commissioner of Securities**
**Office of the Secretary of State, Missouri**
**600 West Main Street, Room 229**
**Jefferson City, Missouri, 65102**

## CERTIFICATE OF SERVICE

I hereby certify that on this *7th* day of *March*, 2017, a copy of the foregoing Order to Cease and Desist and Order to Show Cause Why Restitution, Civil Penalties, and Costs Should Not Be Imposed in the above styled case was **mailed by certified U.S. Mail and email to:**

Douglas A. Richardson, CPA, LLC
Douglas A. Richardson , Registered Agent
128 East Commercial
Lebanon, Missouri 65536
doug@douglasrichardsoncpa.com

and:

Douglas A. Richardson
1220 Castle Rock Avenue
Lebanon, Missouri 65536

**and by hand-delivery and email to:**

Saundra J. McDowell
Director of Enforcement
Missouri Securities Division
Saundra.McDowell@sos.mo.gov

Laurie Dawson
Securities Office Manager

11

1          IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
                      STATE OF OKLAHOMA

2

3  DRINV, LLC,                )

4         Plaintiff,    )

5  vs.                 )     Case No. CV-2018-319

6  DOUGLASS RICHARDSON,   )

7         Defendant, and  )

8  DOUGLASS A RICHARDSON CPA, )
  LLC,               )

9         Defendant.    )

10

11

12     The Asset Hearing of WILLIAM JAMES WEAVER, JR.,

13  taken on behalf of the Plaintiff before Pamela B.

14  Stinchcomb, Certified Shorthand Reporter in and for the

15  State of Oklahoma, on the 21st day of May, 2018, in the

16  City of Tulsa, State of Oklahoma, pursuant to the

17  stipulations of the parties.

18

19                             EXHIBIT

20                           H

21

22

23          PAMELA B. STINCHCOMB, CSR #1544
            DAVIDSON REPORTING SERVICE

24            5508 South Lewis Avenue
             Tulsa, Oklahoma 74105

25             (918) 745-9959

1               A P P E A R A N C E S

2  FOR THE PLAINTIFF:      MR. HOWARD BERKSON
                           Attorney at Law
3                          401 South Boston Avenue
                           Suite 500
4                          Tulsa, Oklahoma  74103

5  FOR THE WITNESS:        MR. TOM FERGUSON
                           Doerner, Saunders, Daniel &
6                          Anderson
                           Two West Second Street, Suite 700
7                          Tulsa, Oklahoma  74103

8  Also appearing:         Marie Williamson

9

10

11

12              S T I P U L A T I O N S

13      It is hereby stipulated and agreed by and between

14  the parties hereto that the notice for the taking of

15  this asset hearing is waived and that the same may be

16  taken at this time and place.

17      It is further stipulated and agreed that all

18  objections, except as to form of the question, are

19  reserved to the time of trial with the same force and

20  effect as if made at the taking of this proceeding.

21

22

23

24

25

3

1                        I N D E X

2    DIRECT EXAMINATION
         by Mr. Berkson........................Page 4
3
     REPORTER'S CERTIFICATE....................Page 17
4

5

6                    INDEX OF EXHIBITS

7    EXHIBIT                              PAGE
     NUMBER                               IDENTIFIED
8
     PLAINTIFF'S EXHIBITS
9
     Exhibit A....:............................. 5
10
     Exhibit B................................. 5
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          MR. BERKSON:  We are here today for an

2     asset hearing for Smart Prong Technologies.  Its

3     representative today is James Weaver.

4               WILLIAM JAMES WEAVER, JR.,

5     being first duly sworn to tell the truth, the whole

6     truth, and nothing but the truth, testified as follows:

7                    DIRECT EXAMINATION

8     BY MR. BERKSON:

9          Q.   And we are going to go over just two primary

10    preliminary rules.  The first is that we can take a

11    break any time you want except if there's a standing

12    question.  If there's a question on the table, then we

13    need to answer the question before we take a break,

14    unless your attorney directs you not to answer.

15         A.   Okay.  May I comment on that?

16         Q.   Sure.

17         A.   Okay.  I just had three vertebrae fused and

18    it's -- I get -- can get very uncomfortable very

19    quickly, and if it's okay I -- if I stand up -- the

20    chairs are okay.  These are kind of straight up so I'm

21    pretty good, but I'm not being rude.  I just need to --

22    I get these, what they call, shooters.  My nerves are

23    coming back alive again.  So I just want to let you know

24    if I jump, it's -- it has nothing to do with you.

25         Q.   Stand, sit or move as you need.

1     A.   Okay.   Thank you.

2     Q.   And so the other is sometimes when attorneys

3 ask questions, they just start wondering.   You know,

4 they think they know where they are going and then at

5 the end there's sort of a question mark and a puzzled

6 look.   And so if you answer a question, I'm going to

7 assume you understood it.   But if you don't understand

8 it, if we have one of these wandering episodes where I

9 get too creative, just tell me you don't understand it

10 or ask me to rephrase it.

11     A.   I will be happy to, yes, sir.

12     Q.   All right.   I appreciate it.   So let's go ahead

13 and get started.   I have a couple of documents here that

14 were provided to me before.   This first one marked

15 Exhibit A is the resignation of Douglas Richardson.

16 Does that look familiar?

17     A.   Yes, sir.

18     Q.   Can you tell me why Douglas resigned?

19     A.   He came to Tulsa and told me that he had

20 embezzled $750,000 and we asked for his resignation.

21     Q.   Okay.   And then in Exhibit B, I believe that's

22 an assignment of his stock back to Smart Prong?

23     A.   Yes, sir.

24     Q.   Okay.   And is one of those signatures on there

25 yours?

1      A.   It is.

2      Q.   Okay.  How much stock did he assign back to

3   Smart Prong?

4      A.   With this, 200,000 shares.

5      Q.   Okay.  Was there another assignment?

6      A.   There was a cancelation.

7      Q.   Okay.

8      A.   He said he had purchased 100,000 shares, which

9   our forensic audit showed he had not.  So we never --

10   the money never came in and we canceled the shares.

11      Q.   Okay.  And with the 200,000 that he assigned

12   back, what was the fate of those 200,000?

13      A.   They are in the mitigation trust which is for

14   the benefit of all the shareholders to minimize the

15   amount of embezzlement.  They will be funded at the sale

16   of the company.  That money will then go into the

17   mitigation trust and be distributed to the shareholders

18   to minimize the company's loss, their loss.

19      Q.   All right.  So let me see if I can restate that

20   in my own words.

21      A.   Okay.

22      Q.   The shares were assigned back to the company.

23   The company has set them aside so that when the company

24   sells and the shares have actual value instead of

25   whatever their par value is, at that time they will be

1  sold and the money will be put into a fund to repay the

2  company and its shareholders for Richardson's

3  embezzlement?

4      A.   Correct.

5      Q.   Do we have any idea what the total of

6  Richardson's embezzlement amount was?

7      A.   Approximately $4.2 million.

8      Q.   Got his hand pretty deep into the cookie jar?

9      A.   Yes, sir, he did.

10     Q.   Do we have any idea what the projected value of

11  those shares and the mitigation fund will be worth with

12  the company sales?

13     A.   We don't at this point, no, sir.

14     Q.   Okay.  For your benefit, I said that there were

15  other judgments, let me go ahead and give you those case

16  numbers.  They are -- this one is CV-18-319.  We also

17  have 318, 375, 376 and 377, and those are all Charlie

18  Victor Tulsa County case numbers for Virginia judgments.

19              Can you tell me a little bit about your

20  relationship with Smart Prong?

21     A.   I was a co-founder.  I've been in it since we

22  literally created it and have served as the chairman of

23  the board, and recently, after Richardson resigned, I've

24  been secretary/treasurer of the company.

25     Q.   It's a lot of hats.  When was the company

1   founded?

2        A.    May of 2012.

3        Q.    Has any part of Richardson's embezzlement been

4   converted to a promissory note?

5        A.    Yes.

6        Q.    How much are we talking about?

7        A.    600,000.

8        Q.    And who is the promisee on the note?  Who is

9   getting paid?

10       A.    Well, it was going to be my wife and myself,

11  but it was canceled.

12       Q.    So there is no promissory note, or there was

13  one but you forgave it?

14       A.    There was one, yes.

15       Q.    Did you forgive the note or what happened to

16  it?  What caused it to disappear?

17       A.    The shareholders -- when Richardson came to

18  Tulsa and he said he embezzled $750,000, he said he

19  would have 150,000 of that back in in ten days.  My wife

20  and I decided that we were going to replace that

21  $600,000 deficit, and did, so that the company would be

22  whole and the shareholders wouldn't have any loss.  And

23  Richardson signed a promissory note to pay us.  And then

24  when the forensic audit occurred, RSM, which is, I

25  understand, a large CPA firm out in San Francisco,

1 discovered that the money -- the amount was not 750,000.

2 It was 4.2 million.

3          At that point, the shareholders came back

4 and said clearly you are not going to get your $600,000.

5 You are the only one who has now put money into the

6 company at a dollar a share, if you will, and so they

7 allocated me -- my wife and myself, actually trusts,

8 600,000 shares to be treated like all other

9 shareholders.  And that note -- our note was canceled at

10 that point.

11     Q.   So is the 600,000 counting as restitution

12 against Richardson's embezzlement?

13     A.   I guess it would.

14     Q.   At the time that the promissory note was

15 canceled in favor of issuing 600,000 shares to you, how

16 many shares were outstanding prior to the 600,000?

17     A.   I don't know.  I don't remember.

18     Q.   Do you have any idea the extent to which the

19 existing investors were diluted by the issuance of

20 600,000 shares?

21     A.   It would be fractional.  I believe we had

22 30 million outstanding.  Something in the neighborhood

23 of 28 to 30 million.  I could be wrong but it's

24 something like -- it's a big number, yes, sir.

25     Q.   Okay.  At this time do you know if

1  Douglas Richardson has an interest in any shares of

2  Smart Prong?

3      A.   I do not.

4      Q.   I know this is repetitious, but does

5  Smart Prong have any loans or notes with Mr. Richardson?

6      A.   No, sir.

7      Q.   Neither way?

8      A.   Either way.

9      Q.   Are you aware of Mr. Richardson purchasing

10 shares through anybody else?

11     A.   No, sir, I'm not.

12     Q.   Would that be permissible?

13     A.   No, sir, it would not be.

14     Q.   Are any other shares held by a nominee, to your

15 knowledge?

16     A.   No, sir.

17     Q.   Has Richardson pledged a life insurance policy

18 or any other instrument to Smart Prong?

19     A.   He offered to do that.  Last June through

20 September of '17 we put the market -- the company on the

21 market through an investment banking firm in

22 San Francisco and they advised us not to accept that.

23 It was too confusing.  And it was also paid monthly

24 which meant that -- well, you know what it means.

25     Q.   Yeah.  It means it's only as good as his

1   promise or your willingness to pay for it.

2       A.   Correct.

3       Q.   Do you have any idea how Dawn Richardson is

4   involved in Doug Richardson's embezzlement case?

5       A.   I don't.  I know that when I went up to get all

6   of the company records, Richardson admitted to me that

7   his wife was aware of it.  That's the extent that I'm

8   aware of.  I don't know what she knew or not.  He just

9   said that she was aware of it.

10      Q.   He said that about her?

11      A.   He said that about her.

12      Q.   Very kind.

13      A.   I know.

14      Q.   Has Smart Prong ever made an investment in any

15  interest of Doug Richardson?

16      A.   No, sir.

17      Q.   Would it surprise you to learn that

18  Doug Richardson is telling people he'll pay them back

19  when the company sells?

20      A.   Not at all.  That's what he told me his plan

21  was when I went up to get our records, that somehow he

22  thought no one would know until after we sold and then

23  when his shares funded, he would replenish the money.

24  And I couldn't get -- I didn't understand it.

25      Q.   My information is he's saying that well after,

1   all 300,000 shares, he, at one time, claimed were

2   returned or canceled.

3       A.   With all due respect, it wouldn't surprise me

4   at all.   A lot of things he said are pretty outrageous.

5       Q.   I have a list here of people who I'm told are

6   shareholders, and with each one that I mention, if you

7   would just discuss whatever you know about their

8   relationship with Doug Richardson, I would appreciate

9   it.   Again what I'm looking for is assets of Doug

10  Richardson, the possibility that the shareholder is

11  acting as a nominee holding shares on behalf of Doug

12  Richardson and all the other variations you might think

13  of.

14      A.   Okay.

15      Q.   Jerry Clayton?

16      A.   I'm well aware of Jerry.   I don't believe so.

17  I don't believe so.

18      Q.   Okay.   What's the basis for your belief?

19      A.   Jerry calls me periodically and has divulged

20  the additional amount of money that Richardson owes him,

21  and it's well into the six digits.

22      Q.   Wouldn't the fact that Richardson owes

23  Mr. Clayton suggest that Mr. Clayton would hold shares

24  for Richardson in order to get paid back?

25      A.   I couldn't say.

1    Q.    Fair enough.  And I don't want you to guess.

2    A.    No.

3    Q.    If you don't know, say I don't know and that's

4  fair.

5    A.    Okay.  Thank you.

6    Q.    Kent Vandiford?

7    A.    I don't know that name.

8    Q.    Okay.  Linda Woodkay [sic]?

9    A.    Yes.  She's a shareholder and, to my knowledge,

10  she's not holding any shares for him.

11    Q.    Richard Pitera?

12    A.    Yeah, Dr. Pitera.  To my knowledge, he is not

13  holding any shares for Doug Richardson.

14    Q.    Scotty McCowen?

15    A.    His insurance agent -- I chatted with him when

16  there was a possibility of us doing something with the

17  insurance.  I don't believe that he's holding any shares

18  for Richardson, either.

19    Q.    Is he a Smart Prong shareholder?

20    A.    He is.

21    Q.    Terry Stone?

22    A.    Terry Stone worked with me to get all the

23  information out of Richardson.  No, sir, he is not

24  holding any shares for Mr. Richardson.

25    Q.    Wayne Hall?

1      A.   Wayne I also communicate with regularly and,

2   no, sir, he is not holding shares for Mr. Richardson.

3           MR. BERKSON:   Let's go off the record for a

4   minute.

5           (Break was taken)

6           MR. BERKSON:   We are back on the record

7   after a short coffee klatch with opposing counsel.

8           Mr. Weaver wanted to clarify something

9   about his testimony concerning the other investors of

10  Smart Prong Technologies.

11     Q.   (By Mr. Berkson) So go ahead.

12     A.   I had mentioned that I know that they haven't

13  held shares for Mr. Richardson.  What I meant to say is

14  that, to the best of my knowledge, none of them hold any

15  assets or shares for Mr. Richardson.

16     Q.   Okay.  And I appreciate that clarification.

17           I have one more question.  Since about

18  November of last year, has Smart Prong had any new in

19  investors?

20     A.   One.

21     Q.   And, to your knowledge, does that investor have

22  any relationship to Doug Richardson?

23     A.   No, sir, they do not.

24     Q.   I believe off the record you had indicated it

25  was a commercial investor from out of country?

1     A.   It is.  It's our --

2     Q.   You don't need to name them.

3     A.   Okay.

4     Q.   That's sufficient.

5     A.   It is.  Thank you.

6     Q.   Okay.  I don't have any other questions.  Do

7 you have any questions for me or your counsel?

8     A.   No, sir.

9     Q.   Okay.  We met our goal.  We are out of here

10 before even 10:30 so --

11     A.   Okay.

12     Q.   Thank you very much for your testimony today.

13     A.   You're welcome.

14          MR. FERGUSON:  Fair enough.

15          MR. BERKSON:  You'll have an option to read

16 and sign if you want to confirm, or you can just allow

17 her to finish the document and send it out to everybody.

18 Do you have a preference?

19          MR. FERGUSON:  Would you like to take a

20 look at it?

21          THE WITNESS:  Sure.

22          MR. FERGUSON:  Read and sign.

23            (Asset hearing concluded)

24

25



```
 1            CORRECTIONS TO THE ASSET HEARING OF
                 WILLIAM JAMES WEAVER, JR.
 2   Re:  DRINV, LLC, v. Douglass Richardson; Case No.
     CV-2018-319
 3    Original correction page submitted for signature on
     5-30-18.  Original, signed and notarized correction page
 4   will be submitted separately when returned.

 5   Page   Line      Change Requested   Reason Therefor

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19
                           _____
20                         WILLIAM JAMES WEAVER, JR.

21    Subscribed and sworn to before me this_____ day
     of_____, 2018.
22
                           _____
23                             Notary Public

24      My commission expires_____

25
     PBS
```

```
 1              C E R T I F I C A T E
 2  STATE OF OKLAHOMA )
                      ) ss.
 3  COUNTY OF TULSA   )
 4       I, Pamela B. Stinchcomb, a Certified Shorthand
 5  Reporter in and for the State of Oklahoma, DO HEREBY
 6  CERTIFY that the foregoing Witness, WILLIAM JAMES
 7  WEAVER, JR., appeared before me, and that said Witness
 8  was first duly sworn by me to tell the truth, the whole
 9  truth, and nothing but the truth in the case aforesaid.
10       I FURTHER CERTIFY, that the said Asset Hearing was
11  taken by me in stenograph on the 21st day of May, 2018,
12  at the office of Mr. Howard Berkson, 401 S. Boston
13  Avenue, Suite 500, Tulsa, Oklahoma, and that the
14  foregoing testimony was later reduced to computer form
15  under my supervision and that the same is a full, true,
16  correct and complete transcript of the said Hearing so
17  given.
18       I FURTHER CERTIFY that I am not an attorney for,
19  nor relative to any of the parties involved in this
20  action or otherwise interested in the event of same.
21          WITNESS MY HAND this 29th day of May, 2018.
22
23          _____
24               Pamela B. Stinchcomb, CSR
25
```

## RESIGNATION OF DOUGLAS A. RICHARDSON

I, Douglas Richardson, hereby resign all executive, officer and accountant positions I have with Smart Prong Technologies, Inc., Semitrex, LLC, Advanced Charging Technologies, Inc. and Advanced Charging Technologies, LLC, effective at 5:00 pm on June 14, 2016.  I agree to cooperate to transfer all of the records of the above companies to a successor.

_____
Douglas A. Richardson


EXHIBIT
J

**IN THE DISTRICT COURT OF TULSA COUNTY,**
**STATE OF OKLAHOMA**

| | | | |
|---|---|---|---|
| **DRINV, LLC,** | ) | | |
| Judgement Creditor, | ) | | |
| | ) | Case No. | CV-2018-319 |
| vs | ) | | |
| | ) | Judge: | Hon. Rebecca Nightingale |
| **DOUGLASS A. RICHARDSON CPA, LLC** | ) | | |
| a Missouri Limited Liability Company, | ) | | |
| | ) | | |
| **DOUGLASS A. RICHARDSON,** | ) | | |
| An individual, | ) | | |
| | ) | | |
| Judgement Debtors. | ) | | |

**SUBPOENA _DUCES TECUM_**

EXHIBIT
K

TO:  **Smart Prong Technologies, Inc.**
     **c/o W.J. "Jim" Weaver, Jr., Registered Agent**
     **4808 West Utica**
     **Broken Arrow, OK 74011**
     918-704-1781

---

■  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>401 S. Boston, Suite 500, Tulsa, OK 74103: on the fifth floor of the Midcontinent Tower. | DATE AND TIME<br>May 21, 2018 at<br>10:00 a.m. |
|---|---|

■  YOU ARE COMMANDED to produce and permit the inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  *See* Exhibit "A"

In order to allow objections to the production of documents and things to be filed, you should not produce them until the date specified in this subpoena, and if an objection is filed, until the court rules on the objection.

| PLACE<br>401 South Boston Avenue, Suite 500<br>Tulsa, Oklahoma  74103 | DATE AND TIME<br>May 21, 2018 at<br>10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. OKLA. STAT. tit. 12 § 3230(C)(5).

| ISSUING OFFICER SIGNATURE AND TITLE<br>*Howard Berkson*<br>ATTORNEY FOR ■ PLAINTIFF ☐ DEFENDANT | DATE<br>May 21, 2018 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Howard Berkson, OBA #31482, 401 S. Boston, Suite 500, Tulsa, OK 74103
Telephone:  (539) 777-1287    E-mail: Howard@BostonAvenueLaw.com

**PROOF OF SERVICE**

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                    TITLE

ITEMS SERVED
1. Subpoena Duces Tecum with instructions
2. A check to the Registered Agent for $27.44: $10.00 plus 32 miles of travel, 16 miles each way at the current IRS rate was previously delivered.

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the State of Oklahoma that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

# EXHIBIT "A"

YOU ARE COMMANDED to produce and permit the inspection and copying of the following documents or objects at the place, date, and time specified on Page 1 of the Subpoena *Duces Tecum* to which this Exhibit "A" is attached:

1.  All documents relating to assets, including future interests, belonging to Douglass Richardson, within the ownership, possession, or control of Smart Prong Technologies, Inc. or any of its subsidiaries for which it owns a controlling interest. This request applies, without limitation, to agreements pertaining to the transfer of ownership interests in businesses, option contracts, certificates of title, stock certificates, documents pertaining to property of Richardson that is in escrow, etc.

2.  All documents relating to *the transfer of any* assets, including future interests, belonging to Douglass Richardson, within the ownership, possession, or control of Smart Prong Technologies, Inc. or any of its subsidiaries for which it owns a controlling interest, *made within the last 12 months*. This request applies, without limitation, to agreements pertaining to the transfer of ownership interests in businesses, option contracts, certificates of title, stock certificates, documents pertaining to property of Richardson that is in escrow, etc.

3.  Smart Prong's records of stock transactions from January 1, 2015 to present.

**OKLA. STAT. tit. 12 § 2004.1(C) and (D):**

**(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney, or both, in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (a) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(b) Subject or paragraph 2 of subsection D of this section, a person commanded to produce and permit inspection and copying or any party may, within fourteen (14) days after service of the subpoena or before the time specified for compliance if such time is less than fourteen (14) days after service, serve written objection to inspection or copying of any or all of the designated materials or of the premises. An objection that all or a portion of the requested material will or should be withheld on a claim that it is privileged or subject to protection as trial preparation materials shall be made within this time period and in accordance with subsection D of this section.  If the objection is made by the witness, the witness shall serve the objection on all parties; if objection is made by a party, the party shall serve the objection on the witness and all other parties.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  For failure to object in a timely fashion, the court may assess reasonable costs and attorney fees or take any other action it deems proper; however, a privilege or the protection for trial preparation materials shall not be waived solely for a failure to timely object under this section.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (a) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

    (1)  fails to allow reasonable time for compliance;
    (2)  requires a person to travel to a place beyond the limits allowed under paragraph 3 of subsection A of this section; or
    (3)  requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (4)  subjects a person to undue burden; or
    (5)  requires production of books, papers, documents or tangible things that fall outside the scope of discovery permitted by Section 3226 of this title.

(b) If a subpoena:

    (1)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (2)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting form the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena.  However, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(D) DUTIES IN RESPONDING TO SUBPOENA.**

(1)  A person responding to a subpoena to product documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**OKLA. STAT. tit. 28 § 81:**

**WITNESS FEES**

(A)  Whenever, under the laws of this state, a person may be compelled by order, subpoena, or other lawful compulsion to appear as a witness, whether or not testimony or other evidence is actually adduced, the witness shall receive the following:

(3) For a witness who appears from this state pursuant to an order, subpoena, or other lawful means for compelling the appearance of the witness, Ten Dollars ($10.00) for each day of attendance, plus reimbursement by law for travel expenses at rates not to exceed those prescribed by law for reimbursement for state employees.

**IN THE DISTRICT COURT OF TULSA COUNTY,**
**STATE OF OKLAHOMA**

| | | | |
|---|---|---|---|
| DRINV, LLC, | ) | | |
| Judgement Creditor, | ) | | |
| | ) | Case No. | CV-2018-319 |
| vs | ) | | |
| | ) | Judge: | Hon. Rebecca Nightingale |
| DOUGLASS A. RICHARDSON CPA, LLC | ) | | |
| a Missouri Limited Liability Company, | ) | | |
| | ) | | |
| DOUGLASS A. RICHARDSON, | ) | | |
| An individual, | ) | | |
| | ) | | |
| Judgement Debtors. | ) | | |

## NOTICE OF SUBPOENA

To:    Douglas Richardson
       1220 Castle Rock Ave
       Lebanon, MO 65536-1766

Dear Above-named Defendant:

The subpoena attached hereto has been issued in the case referenced at the head of this letter.

FOR THE FIRM

BY: Howard Berkson
Boston Avenue Law
401 S. Boston, Suite 500
Tulsa, OK 74103

Certificate of Mailing:
       I certify that, on the _____ day of _____, 2018, a true and correct copy of the foregoing letter was submitted to the United States Postal Service for first class mail delivery with postage prepaid to:

       Douglass Richardson
       1220 Castle Rock Ave
       Lebanon, MO 65536-1766

Howard Berkson

ASSIGNMENT OF STOCK IN SMART PRONG TECHNOLOGIES, INC.

Now on this 14th day of June, 2016, for one dollars ($1.00) and other good and valuable consideration, I, the undersigned Douglas A. Richardson hereby surrender, by this Assignment, and sell, assign and transfer unto Smart Prong Technologies, Inc. (the "Corporation") to the corporate entity treasury account, all my shares in Smart Prong Technologies, Inc. which is all my interest in those stock certificates described as: Stock certificate numbered 7, and do irrevocably constitute and appoint the Chairman of the Corporation, W. J. "Jim" Weaver, Jr. as my power of attorney to transfer all the above stock on the books of the Corporation with full power of substitution and attorney to make and effect such transfer whether or not the original certificates are surrendered. By his signature below, W. J. "Jim" Weaver, Jr. as Chairman of the Corporation and Michael H. Freeman, CEO do hereby accept the surrender and assignment and all parties waive surrender of the original certificates.

So assigned and transferred by me on the date above stated.

_____
Douglas A. Richardson

Accepted by:

_____
W. J. "Jim" Weaver, Jr, Chairman

_____
Michael H. Freeman, CEO

EXHIBIT
L